IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| CARLOS LOVE | § | |
| v. | § | CIVIL ACTION NO. 6:13v52 |
| DIRECTOR, TDCJ-CID | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT</u>

The Petitioner Carlos Love, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the actions of the Texas Board of Pardons and Paroles. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Love was released to parole on June 26, 2007. On February 27, 2009, his parole officer submitted a request to the Board to impose special condition O.33 - Sex Offender Evaluation. The Board approved a referral for evaluation, and Love received notice that he had the opportunity to present information opposing the imposition of sex offender conditions, which he did. Love was evaluated by a therapist, and as a result of this evaluation, the Board voted not to impose sex offender conditions upon him.

Two years later, in June of 2011, Love received notice that he had allegedly committed three violations of his parole, including an after-hours violation, a failure to comply with his daily activity schedule, and commission of the criminal offense of burglary of a habitation. A revocation hearing was held and Love admitted the failure to comply with his daily activity schedule but denied the other violations. The hearing officer determined that Love had committed the failure to comply and

the after-hours violation but not the burglary, and recommended that Love's parole be revoked. The Board accepted this recommendation and Love's parole was revoked on July 14, 2011; however, Love says that he did not learn of the revocation until October of 2011, when he received papers from the general counsel of the Board of Pardons and Paroles.

On July 17, 2012, Love filed a state habeas petition challenging his classification as a sex offender as a result of incorrect information in his parole file   This petition was denied without written order on December 12, 2012, and Love filed his federal petition on January 8, 2013.

In his federal petition, Love raised seven grounds for relief. These were: (1) the Board improperly imposed sex offender treatment conditions on him; (2) there was an improper affirmative finding of use of a deadly weapon which was used to revoke his parole; (3) the State improperly used evidence after the hearing; (4) the Board did not provide him with findings of fact and conclusions of law with regard to his motion to reopen the revocation hearing; (5) an improper second hearing was held on July 16, without notice to Love, at which he was classified into the Sex Offender Treatment Program; (6) Love has remained classified into the Sex Offender Treatment Program and his prison records have not been corrected; and (7) Love was denied due process in the state habeas corpus proceedings. The Magistrate Judge ordered the Respondent to answer Love's petition, and Love filed a response to the answer.

After review of the pleadings and the state court records, the Magistrate Judge issued a Report on June 5, 2013, recommending that Love's application for habeas corpus relief be denied. The Magistrate Judge determined that Love's first claim was barred by limitations and that it lacked merit on its face because Love failed to show that he suffered any harm as a result of the Board's actions in February of 2009. The Magistrate Judge further determined that Love's second and third grounds for relief were unexhausted and thus procedurally barred, his fourth ground did not set out a claim for habeas corpus relief, his fifth claim was unexhausted, his sixth claim did not sound in habeas corpus, and his seventh claim was unexhausted and did not state a claim for habeas corpus relief. Love filed objections to the Magistrate Judge's Report on June 21, 2013.

In his objections, Love contends first that he did not receive notice of two "transmittals" from the Board in 2009. He concedes that his parole officer told him he would not be placed on sex offender restrictions, but says that his complaint is not about the evaluation, but the imposition of sex offender treatment conditions. He points to a response he received from the unit classification office in 2012 stating that he would be reviewed as a sex offender and that he would have to register as such. Love argues that this claim is not barred by limitations because he did not receive the transmittals until June of 2011.

To the extent that Love complains of actions of the Board of Pardons and Paroles, the Magistrate Judge correctly determined that the claim lacked merit. The records show that the Board referred Love for evaluation in 2009 and that as a result of this evaluation, the Board declined to impose sex offender conditions. Although Love states that he was later told by a prison unit classification officer that he would be reviewed as a sex offender, he fails to show that the Board of Pardons and Paroles had anything to do with this classification; rather, the evidence indicates that this classification was imposed by the Correctional Institutions Division of the Texas Department of Criminal Justice.

The first "transmittal" to which Love refers is the request that sex offender conditions be imposed, which is dated February 27, 2009. The second "transmittal" is the Board's action, dated April 17, 2009, denying the request. As the Magistrate Judge stated, Love has failed to show that he suffered any harm as a result of the Board's actions in this regard; these documents clearly show that the request to impose sex offender conditions was denied. Furthermore, Love knew that he had been referred for sex offender evaluation in 2009, when he saw the therapist, so the Magistrate Judge properly concluded that any challenge to this referral is barred by limitations.

Although Love complains that he later received notice that sex offender conditions had been imposed, his documents show that he was told by a unit classification officer that he had been classified as a sex offender and would have to register as such when he was released from prison. His exhibits include a letter from Bettie Wells, General Counsel for the Board of Pardons and

3

Paroles, dated January 13, 2013, which informs him that because he has not been released from prison and returned to supervision, he has no special conditions of release. If a special condition for sex offender evaluation is imposed and treatment is recommended, Wells said, Love would receive due process under Chapter 148 of the rules of the Board at that time.

Thus, as the Magistrate Judge determined, the Board of Pardons and Paroles did not and has not imposed sex offender conditions upon him. To the extent that Love complains that the Institutional Division has classified him as a sex offender, as the letter from the unit classification officer appears to indicate, such a claim does not have any effect upon the fact or length of his confinement and thus does not sound in habeas corpus. The Fifth Circuit has held in the context of a Section 1983 civil rights lawsuit that persons have a liberty interest in being free from having to register as a sex offender and participate in sex offender therapy. Meza v. Livingston, 607 F.3d 392, 398 (5th Cir. 2010). Whether or not Love may have a viable civil rights claim under 42 U.S.C. §1983, now or at such time in the future as he may be so classified, his contention does not state a claim for relief in habeas corpus. Furthermore, as the Magistrate Judge observed, Love's assertions that he has been told that he must register as a sex offender upon his release and that he may face other sex offender conditions at the time of release have not been exhausted even if they did present some basis for habeas corpus relief. This objection is without merit.

In his second objection, Love states that he has complained about the allegedly improper affirmative finding of a deadly weapon through the state courts and the TDCJ administrative process but to no avail. He says that he filed a "motion to rebut" and a "motion to amend" in Harris County, which did not respond, and with the Texas Court of Criminal Appeals, which declined to take action on December 4, 2012. These assertions fail to show that Love presented these claims to the Texas Court of Criminal Appeals in a procedurally proper manner, meaning that the Magistrate Judge properly determined that the claims are unexhausted. In addition, although Love complained that the alleged deadly weapon finding was used to revoke his parole, the Magistrate Judge concluded that this was incorrect; Love's parole was revoked upon sustained findings that he violated the terms

4

of his parole through an after-hours violation and a failure to comply with his daily activity schedule, with no mention of a deadly weapon finding as a basis for a parole violation. Love did not object to the Magistrate Judge's finding in this regard. His second objection is without merit.

Third, Love complained that the transmittals and an "adverse recommendation statement" from his parole officer were used as evidence against him after his revocation hearing had already taken place. He contended that a second hearing was held by the Board, without notice to him, and that the "recommendation statement" by the parole officer was done in retaliation for a written statement which Love had submitted to the hearing officer. The Magistrate Judge reviewed the records and concluded that there was no evidence that a second hearing was held nor that his parole officer made any recommendations for conditions, adverse or otherwise. The Magistrate Judge also stated that Love's state habeas petition did not complain about a second hearing being held or that Love had been the victim of retaliation, and so these claims were unexhausted and thus procedurally barred.

In his objections, Love refers to a letter he received from a family member in which this family member refers to a second hearing, but this letter does not appear to express anything more than an opinion that such a hearing had occurred. Love also refers to "writ exhibit 5," which is a notice dated July 16, 2011, which he received from the Board of Pardons and Paroles saying that the office had received his recent letter, with a box checked reading "SOTP classification." The notice contains no other information; as the Magistrate Judge said, it appears to be an acknowledgment by the Board of correspondence received from Love, not a statement that Love had been placed into the sex offender treatment program. This is highlighted by the fact that the letter which Love received from Bettie Wells shows that the Board had not yet classified Love into the sex offender treatment program and that he would receive due process at such time as that occurred. Love did not allude to the Magistrate Judge's conclusion that he had failed to exhaust these claims. His third objection is without merit.

In his final objection, Love asserts that his classification as a sex offender by the Institutional Division affects the length of his confinement because he will not be released to mandatory supervision or parole until he attends, participates in, and successfully completes the Sex Offender Treatment Program. Thus, Love appears to assert that the claim does state a claim for habeas corpus relief. This contention is raised for the first time in Love's objections to the Magistrate Judge's Report. The Fifth Circuit has stated that as a general rule, issues raised for the first time in objections to the Report of the Magistrate Judge are not properly before the District Court. Finley v. Johnson, 243 F.3d 215, 218 n.3 (5th Cir. 2001), *citing* United States v. Armstrong, 951 F.2d 626, 630 (5th Cir. 1992); Cupit v. Whitley, 28 F.3d 532, 535 n.5 (5th Cir. 1994).

Love's objection thus lacks merit because the claim is not properly before the court. Even apart from this defect, however, it is apparent that Love's claim lacks merit. To the extent that he seeks to raise his claim concerning ineligibility for release on parole until he completes the sex offender treatment program in this federal habeas proceeding, the claim is procedurally defaulted because Love has not shown that he has exhausted all available state remedies. *See* Kittleson v. Dretke, 426 F.3d 306, 315 (5th Cir. 2005); Wilder v. Cockrell, 274 F.3d 255, 259 (5th Cir. 2001).[1] Love's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings, exhibits, and records in the cause, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

---

[1] Because Love's claim that he could be denied release on parole without completing the treatment program is not properly before the Court and is not exhausted in any event, the Court has no occasion to consider whether or not such a claim is ripe for habeas consideration, particularly in light of the letter from Wells indicating that Love has not yet been placed in such a program and will receive due process before any placement can be done. *See generally* Williams v. Ballard, 466 F.3d 330, 334 (5th Cir. 2006). The Court further offers no opinion as to whether this claim is ripe for consideration under 42 U.S.C. §1983, as discussed in Meza, 607 F.3d at 398.

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 19) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. The dismissal of this petition shall have no effect upon Love's right to challenge any classification as a sex offender which may be or have been imposed on him through any lawful means, including but not limited to challenges through the TDCJ administrative procedures or civil actions in state or federal court. It is further

ORDERED that the Petitioner Carlos Love is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**So ORDERED and SIGNED this 8th day of July, 2013.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**